IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

**AMY BIRMINGHAM, REBECCA MCLEROY**            **PLAINTIFFS**
**and LACHELLE ROBINSON**

vs.                                          No. 1:22-cv-119

**FLASH MARKET, LLC, and PFMFC, INC.**                **DEFENDANTS**

## ORIGINAL COMPLAINT

Plaintiffs Amy Birmingham, Rebecca McLeroy, and Lachelle Robinson, by and through their attorney Courtney Harness of Sanford Law Firm, PLLC, for their Original Complaint ("Complaint") against Defendants Flash Market, LLC, and PFMFC, Inc. (collectively "Defendant" or "Defendants"), do hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1. This action is brought by Plaintiffs Amy Birmingham, Rebecca McLeroy, and Lachelle Robinson (collectively "Plaintiffs") against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Additionally, Plaintiffs Amy Birmingham, Rebecca McLeroy, and Lachelle Robinson ("MMWL Plaintiffs") assert claims against Defendants for violations of the minimum wage and overtime provisions of § 290.500 R.S. Mo., *et seq.* ("Missouri Minimum Wage Law" or "MMWL").

3. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and MMWL.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges MMWL violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' MMWL claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Southeastern Division of the Eastern District of Missouri; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff Amy Birmingham ("Birmingham") is an individual and resident of Dunklin County.

8. Plaintiff Rebecca McLeroy ("McLeroy") is an individual and resident of Dunklin County.

9. Plaintiff Lachelle Robinson ("Robinson") is an individual and resident of Mississippi County, Arkansas.

10. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

11. Separate Defendant Flash Market, LLC ("Flash Market"), is a foreign, for-profit corporation.

12. Upon information and belief, Flash Market owns and operates multiple Flash Market stores throughout Missouri.

13. Flash Market's registered agent for service in Missouri is Northwest Registered Agent Service, Inc. at 117 South Lexington Street, Suite 100, Harrisonville, MO 64701.

14. Separate Defendant PFMFC, Inc., f/k/a Flash Market, Inc., is a foreign for profit corporation.

15. PFMFC, Inc.'s registered agent for service is Timothy W. Grooms at 111 Center Street Suite 1900, Little Rock, Arkansas.

16. PFMFC, Inc., owned and operated multiple Flash Market stores and gas stations in Missouri, including those alleged to have employed Plaintiff, prior to July 30, 2019, at which time it sold all or some of its Flash Market stores to Separate Defendant Flash Market, LLC.

17. The following allegations in paragraphs 21 through 23 apply to PFMFC, Inc., as well as Flash Market, LLC.

18. Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

19. Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21. Separate Defendant Flash Market, LLC, is liable both as Plaintiffs' direct employer following its purchase of all or some stores owned by Separate Defendant PFMFC, Inc., and under the doctrine of successor liability.

22. Separate Defendant Flash Market, LLC, maintained a continuity of business being provided by Separate Defendant PFMFC, Inc., taking over and offering similar or identical services at the same location.

23. Separate Defendant Flash Market, LLC, likely had knowledge of the violations alleged in this lawsuit at the time it took over the business, as the nature of the allegations (discouraging employees from tracking all hours worked, and being paid for all hours worked) is obvious in nature and could not be accomplished without ownership's knowledge and approval.

24. Because of the continuation of business between the two separate defendants, both Defendants effectively operated as one employer as it relates to Plaintiffs, and Plaintiffs will collectively refer to them as "Defendants" herein.

### IV.   FACTUAL ALLEGATIONS

25. Birmingham worked for Defendants as a cashier and cook from approximately August 2019 to March 2021.

26. McLeroy worked for Defendants as an hourly worker from approximately April 2018 to October 2018.

27. Robinson worked for Defendants as an assistant manager from approximately May 2019 to March 2021.

28. Plaintiffs previously opted into a conditionally certified collective action in *Dunlap et al v. Flash Market, LLC, et al*., 4:20-cv-5-BSM (E.D. Ark. 2020) which was decertified.

29. Plaintiffs' statute of limitations for their individual claims in this lawsuit were tolled from the date each Plaintiff filed a Consent to Join in the *Dunlap* case through September 15, 2022.

30. Though Plaintiffs' job titles varied, the job duties they performed overlapped substantially. For example, all or most of the Plaintiffs were at times responsible for running the cash register, preparing food, stocking shelves, and cleaning.

31. Plaintiffs worked at Defendants' stores throughout Missouri, including stores within the Southeastern Division of the Eastern District of Missouri.

32. Plaintiffs frequently worked more hours than they were scheduled, which went unrecorded and uncompensated.

33. Plaintiffs' duties during these off-the-clock hours included arriving early to prepare the store for opening, reviewing inventory, and cleaning.

34. These off-the-clock hours amounted to around thirty (30) additional hours per week for which Plaintiffs were not compensated.

35. Defendants had a timekeeping system by which Plaintiffs clocked in and out, but Defendants discouraged Plaintiffs from recording their hours once the store reached a pre-determined quota of employee hours.

36. Defendants directed Plaintiffs to not clock in while performing the off-the-clock duties.

37. Defendants knew or should have known that Plaintiffs were working additional hours off-the-clock for which they were not compensated.

## V.     FIRST CLAIM FOR RELIEF
### (Claims for FLSA Violations)

38. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

40. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

41. Defendants classified Plaintiffs as non-exempt from the requirements of the FLSA.

42. Defendants failed to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours per week.

43. Defendants knew or should have known that its actions violated the FLSA.

44. Defendants' conduct and practices, as described above, were willful.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

46. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.  SECOND CLAIM FOR RELIEF
### (Claims for MMWL Violations)

48. MMWL Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

49. MMWL Plaintiffs assert this claim for damages and declaratory relief pursuant to MMWL, § 290.500 R.S. Mo., *et seq.*

50. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the MMWL, § 290.500(4) R.S. Mo., *et seq.*

51. § 290.502 and 505 R.S. Mo. require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

52. Defendants classified Plaintiffs as non-exempt from the requirements of MMWL.

53. Defendants failed to pay Plaintiffs overtime wages as required under MMWL for all hours that Plaintiffs worked in excess of forty (40) per week.

54. Defendants knew or should have known that its practices violated MMWL.

55. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

56. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by MMWL.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Amy Birmingham, Rebecca McLeroy, and Lachelle Robinson respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and MMWL and their related regulations;

B. Judgment for damages suffered by Plaintiffs for all unpaid overtime compensation under the FLSA and MMWL and their related regulations;

C. Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA and MMWL and their related regulations.

D. An order directing Defendants to pay Plaintiffs prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**AMY BIRMINGHAM, REBECCA MCLEROY, AND LACHELLE ROBINSON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Center Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Harness*
Courtney Harness
Mo. Bar No. 56923
harness@sanfordlawfirm.com